**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

I, Isaac J. Waters, being duly sworn, do hereby depose and state:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am employed as a Special Agent (SA) with the United States Department of Justice, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed since March 2020. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program and the ATF National Academy's Special Agent Basic Training Program. Prior to becoming an ATF Agent, I was employed for approximately six and one half (6.5) years with the Kentucky State Police, serving in the ranks of Trooper and Detective. I am currently assigned to the Louisville Field Division, Lexington Field Office in Lexington, Kentucky. During my career, I have conducted and/or participated in multiple federal and state investigations relating to firearms violations. My current duty assignment includes, but is not limited to, investigating Federal criminal laws relating to organizations and individuals involved in violent crime and/or the possession and trafficking of firearms.

2. In addition, and as a result of my training and experience as an ATF Special Agent, I am familiar with Federal criminal laws, and know that it is a violation of Title 18 U.S.C. Section 922(g)(1), for any person, knowing they had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, to knowingly possess a firearm, that was in

and affecting commerce. I am authorized and have the responsibility to investigate persons for violations of Federal law, involving the illegal possession of weapons (18 U.S.C. § 922(g)(1)). In my capacity as an ATF Special Agent, I am authorized to arrest people for violations of federal law, including the offense listed above.

3. I have participated in firearms investigations, including the possession of a firearm or ammunition by a prohibited person. I have also participated in firearm trafficking investigations. Through my training, education, and experience, I have become familiar with the manner in which people are involved in the trafficking of firearms and their methods of operation and attempts to avoid detection from law enforcement.

4. This Affidavit is based upon my personal knowledge and upon information reported to me by other local law enforcement officers during the course of their official duties. The information contained in this Affidavit is not a complete account of everything known to me about this case. Rather, this Affidavit provides the information necessary to establish probable cause to support the issuance of a Criminal Complaint and corresponding arrest warrants.

5. It is your Affiant's opinion that the investigation to date indicates that there is probable and reasonable cause to believe that beginning on or about April 19, 2025, in Fayette County, in the Eastern District of Kentucky, Raejon Jakise MOSLEY did knowingly possess a firearm, that was in and affecting commerce, after knowing he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, a violation of 18 U.S.C. § 922(g)(1). The following facts support the finding of probable cause.

## **PROBABLE CAUSE**

6. On Saturday April 19, 2025, at approximately 1:39 PM, Lexington Police Department Officer Steven Cobb was conducting uniform patrol in his marked police cruiser around East 4th Street in Lexington, Kentucky. During his patrol, Officer Cobb observed a black male subject with an extended firearm magazine sticking out his waistband. Officer Cobb recognized the subject as Raejon Jakice MOSLEY whom Officer Cobb knew to be a convicted felon, having previously arrested MOSLEY while MOSLEY was in possession of a firearm. Officer Cobb instructed the subject to stop and informed the subject he wanted to speak with him. The subject continued walking away from Officer Cobb while attempting to hide the suspected firearm from his view. When the subject reached the intersection of 4th Street and Ohio Street, the subject fled on foot down Ohio Street, and Officer Cobb followed in his patrol cruiser. Officer Cobb then observed MOSLEY enter the front door of 349 Ohio Street while holding the suspected firearm in his waistband with his left hand.

7. Officer Cobb exited his cruiser and maintained a visual on the residence to prevent escape through a window or door while he waited on backup officers. As additional officers began to arrive, Officer Cobb positioned himself to the rear of the residence to monitor for any attempted escape and observed someone with a rear window open. Officer Cobb gave the subject verbal commands to come outside and show hands, but the subject closed the window and fled into the hallway of the residence. MOSLEY eventually exited through the front door and was detained by officers on the sidewalk in front of the residence. MOSLEY was not in possession of a firearm at that time.

8. Officer Cobb knocked on the front door of the home which was answered by a female resident, later identified as the mother of Raejon MOSLEY. Officer Cobb obtained consent

from MOSLEY's mother to enter the residence and search for the suspected hidden firearm. While searching a back bedroom, Officer Christopher Young located a loaded .40 caliber extended 30-round magazine hidden in the floor vent below the window. Officer Young also located a loose .40 caliber live round on the carpet near the same floor vent.

9. Officer Cobb advised MOSLEY's mother that his primary concern was recovering the firearm, and he asked her if she would speak to her son regarding its location. MOSLEY's mother stepped outside and spoke to MOSLEY, after which time MOSLEY asked to speak with Officer Cobb. Having previously been advised of his *Miranda* rights, MOSLEY admitted to Officer Cobb that the firearm was hidden behind the freezer in the laundry room. MOSLEY also confirmed that he was a convicted felon by nodding his head when asked.

10. Officer Cobb recovered a Glock pistol, model: 22, caliber: 40, serial number: SAY953, concealed in a void behind the unplugged freezer in the laundry room.

11. Your affiant has been trained by ATF as a firearms interstate nexus examiner. Your affiant examined and researched the above-described Glock pistol and determined that it was a firearm as defined in 18 U.S.C., Chapter 44, Section 921(a)(3) and was not manufactured in the Commonwealth of Kentucky. Because the firearm was possessed in the Commonwealth of Kentucky, the firearm traveled in or affected interstate and/or foreign commerce.

12. Your affiant was able to run the criminal history of MOSLEY and procure Fayette County Circuit Court conviction documents, which proved he had been previously convicted of the following felony offenses, that is, crimes punishable by imprisonment for a term exceeding one year:

    a. Possession of a Controlled Substance, First Offense, Cocaine, by final judgment of the Fayette Circuit Court, Case No. 18-CR-1180, in September of 2020;

    b.   Convicted Felon in Possession of a Firearm by final judgment of the Fayette Circuit Court, Case No. 23-CR-730, in March of 2024; and

    c.   Convicted Felon in Possession of a Firearm by final judgment of the Fayette Circuit Court, Case No. 23-CR-909, in March of 2024.

## CONCLUSION

13. Based on the facts set forth above, there is probable and reasonable cause to believe that beginning on or about April 19, 2025, in Lexington, Fayette County, in the Eastern District of Kentucky, Raejon J. MOSLEY did knowingly possess a firearm, that was in and affecting commerce, after knowing he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1).

    I declare under the penalty of perjury that the above statement is true and correct to the best of my knowledge, information, and belief.

/s/ Isaac J. Waters
Isaac J. Waters, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Attested to by the affiant by reliable electronic means per FRCrP 4.1 on
this 8th day of August, 2025.

_____
United States Magistrate Judge

Date and Time:  **Aug 8, 2025**